United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41605
Summary Calendar

CAROLYN FOSTER; MURRELL FOSTER,

Plaintiffs-Appellants,

versus

DONALD W. CAPSHAW, Individually; ET AL.,

Defendants,

DONALD W. CAPSHAW, Individually; BILL PEEK, Individually;
BILLY DALE MOYE, Individually; RAYMOND W. JORDAN, Individually;
VALERIE FARWELL, Individually; BILLY FOX BRANSON, Individually;
LANNY RAMSEY, Individually; WILLIAM J. CORNELIUS, Individually;
CAROLINE CRAVEN; Individually; MARGARET J. REEVES, Individually;
STATE BAR OF TEXAS,

Defendants-Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-148
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The Fosters appeal the dismissal of their Federal Racketeer
Influenced and Corrupt Organizations Act (RICO) complaint for
failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). They
first contend that disqualification of the district judge was

--------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandated because he was a member of the State Bar of Texas, a defendant. A district judge, however, does not have a substantial interest in the success of a suit simply because of his identification with a defendant bar association. See <u>Parrish v. Bd. of Comm'rs of Alabama State Bar</u>, 524 F.2d 98, 104 (5th Cir. 1975). The refusal to recuse was therefore not an abuse of discretion. See <u>Trevino v. Johnson</u>, 168 F.3d 173, 178 (5th Cir. 1999).

Furthermore, the district court's Rule 12(b)(6) dismissal was not erroneous. To state a RICO claim, a plaintiff must allege, <u>inter alia</u>, a "pattern of racketeering activity," demonstrating that at least two predicate acts of racketeering are related and pose a threat of continued criminal activity. <u>Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.</u>, 975 F.2d 1134, 1139-40 (5th Cir. 1992). The Fosters complaint alleges only a closed-ended scheme to deprive them of their property rights. RICO, however, is not concerned with short-term criminal conduct. <u>Id</u>. at 1140. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." <u>Id</u>. (internal quotations omitted) (quoting <u>H.J., Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 241 (1989)).

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.